John H. Jamnback (No. 29872)
YARMUTH WILSDON CALFO PLLC
The IDX Tower
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
Telephone: (206) 516-3800
Facsimile: (206) 516-3888

Attorneys for Plaintiffs

Honorable Ronald B. Leighton

FILED _____ LODGED
_____ RECEIVED

MAR 3 0 2006

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

NICHOLAS CHRISTOFORO, an infant, by
and through his mother and next friend
Jessica Christoforo,

and

JESSICA CHRISTOFORO,

and

JAMES CHRISTOFORO,

      Plaintiffs,

    v.

UNITED STATES OF AMERICA,

      Defendant.

No. CV 4-5462 RBL

(Proposed) ORDER APPROVING
MINOR'S SETTLEMENT,
ATTORNEY'S FEES AND COSTS AND
FOR DISTRIBUTION OF
SETTLEMENT PROCEEDS

04-CV-05462-ORD

     This matter having come on for consideration before the undersigned judge of the above captioned Court, and the Court having considered the Unopposed Motion for Approval of Minor Settlement, the Stipulation for Compromise Settlement and Release signed by the parties, the Declaration of Supplemental Needs Trust for Nicholas

ORDER APPROVING MINOR'S SETTLEMENT,
ATTORNEY'S FEES AND COSTS AND FOR
DISTRIBUTION OF SETTLEMENT PROCEEDS
NO. CV 4-5462 RBL – Page 1

1  Christoforo, and Report of Settlement Guardian Ad Litem, and the Declaration Re:

2  Settlement Guardian Ad Litem Fees, and the record of this case, and good cause having

3  been shown, it is now, therefore

4

5  **ORDERED** as follows:

6

7  1.     The proposed settlement of this matter is **approved** as set forth in the

8         Stipulation for Compromise Settlement and Release, and the

9         Declaration of Supplemental Needs Trust for Nicholas Christoforo;

10  2.     The Court finds that it would be in the best interests of Nicholas

11         Christoforo for the trust to be a **special needs trust** as specified in 42

12         U.S.C. § 1396p(d)(4)(A);

13  3.     The Court finds that Nicholas Christoforo is an individual under the

14         age of sixty-five, is disabled under the provisions of 42 U.S.C. §

15         1382c(a)(3), that the trust is irrevocable and for the sole benefit of

16         Nicholas Christoforo, and the trust provides for reimbursement to

17         state Medicaid agencies for all Medicaid benefits paid to Nicholas

18         Christoforo during his lifetime;

19  4.     The Court hereby establishes an irrevocable special needs trust

20         pursuant to the provisions of 42 U.S.C. § 1396p(d)(4)(A) and 42

21         U.S.C. § 1382b(e)(5) which shall be established and known as the

22         "Nicholas Christoforo Supplemental Needs Trust," the terms of

23         which are set forth in the Declaration of Supplemental Needs Trust

24         for Nicholas Christoforo, attached hereto as Exhibit "A" and

25         incorporated herein by reference;

26

ORDER APPROVING MINOR'S SETTLEMENT,
ATTORNEY'S FEES AND COSTS AND FOR
DISTRIBUTION OF SETTLEMENT PROCEEDS
NO. CV 4-5462 RBL – Page 2

YARMUTH WILSDON CALFO PLLC

THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1

2

3   5.      The initial trustee for the Nicholas Christoforo Supplemental Needs

4           Trust is Wells Fargo, N.A.;

5   6.      The Defendant United States of America is authorized distribute the

6           settlement funds and to purchase the annuities as described in the

7           Stipulation for Compromise Settlement and Release;

8   7.      The litigation costs and attorney's fees as set forth in the Stipulated

9           Petition for Approval of Minor Settlement, and the Declaration Re:

10          Settlement Guardian Ad Litem Fees are reasonable and appropriate

11          costs and fees in this action, and may be paid;

12  8.      The allocation of the settlement proceeds between the minor child

13          and parents as recommended in the report of the Settlement Guardian

14          Ad Litem is reasonable and equitable;

15  9.      Upon receipt of settlement funds from the United States, counsel for

16          the Plaintiffs is authorized to disburse the settlement funds as

17          approved by this Court, and as contained in the Petition for Approval

18          of Minor Settlement;

19  10.      Plaintiffs' counsel and the Guardian Ad Litem are authorize to

20          execute all appropriate releases necessary to effectuate the settlement

21          of this action, and to dismiss all pending claims consistent with the

22          terms of the Stipulation for Compromise and Release;

23  11.     The Settlement Guardian Ad Litem  is discharged from any further

24          responsibilities;

25

26

ORDER APPROVING MINOR'S SETTLEMENT,
ATTORNEY'S FEES AND COSTS AND FOR
DISTRIBUTION OF SETTLEMENT PROCEEDS
NO. CV 4-5462 RBL – Page 3

YARMUTH WILSDON CALFO PLLC

THE IDX TOWER
925 FOURTH AVENUE. SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3600  F 206.516.3888

12.     This Court shall retain initial jurisdiction for the purpose of supervising the trust unless the Court enters an order transferring jurisdiction to the Superior Court for the State of Washington or to another Federal District Court.

Dated this 30ᵗʰ day of March, 2006.

Ronald B. Leighton
United States District Court Judge

ORDER APPROVING MINOR'S SETTLEMENT,
ATTORNEY'S FEES AND COSTS AND FOR
DISTRIBUTION OF SETTLEMENT PROCEEDS
NO. CV 4-5462 RBL – Page 4

311.01 gc280902 3/29/06

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICHOLAS CHRISTOFORO, an infant, )<br>by and through his mother and next friend )<br>Jessica Christoforo; JESSICA CHRISTOFORO;)<br>and JAMES CHRISTOFORO, )<br><br>Plaintiffs, )<br><br>)<br>v.                                    )<br><br>UNITED STATES OF AMERICA,           )<br><br>Defendant.                          )<br>_____) | NO. C04-5462RBL<br><br><br>**DECLARATION OF**<br>**SUPPLEMENTAL NEEDS**<br>**TRUST FOR**<br>**NICHOLAS CHRISTOFORO** |

THIS TRUST is hereby established this ____ day of _____, 2006 by the Federal District Court for the Western District of Washington under a court order entered in the matter of Nicholas Christoforo, an infant, Jessica Christoforo, and James Christoforo, Plaintiffs, v. United States of America, Defendant, Cause No. C04-5462 RBL. The trust shall be administered by WELLS FARGO, N.A. as Trustee (hereafter the "Trustee") for the benefit of NICHOLAS CHRISTOFORO, (hereinafter called NICHOLAS or the "Beneficiary"). The reversionary beneficiary of this trust is the United States of America. This trust shall be established and known as the "**Nicholas Christoforo Supplemental Needs Trust.**"

### ARTICLE 1
### Authority to Establish Trust

Because NICHOLAS is a minor, the settlement and the terms of this Trust are subject to the requirements and conditions of U.S. District Court for the Western District of Washington Court Rule 17(c). This Trust is established under the provisions of 42 U.S.C. § 1396p(d)(4)(A) and 42 U.S.C. §1382b(e)(5). As provided in those statutes, NICHOLAS is under the age of sixty-five, he is disabled under the provisions of 1614(a)(3) of the Social Security Act, the trust is irrevocable and for the sole benefit of Nicholas and the trust provides for reimbursement to state Medicaid agencies for all Medicaid benefits paid to NICHOLAS during his lifetime.

1

For purposes of this Trust, the Trust shall be "deemed established" by the Court upon approval by the Court, and the Trustee's deposit into a separate account established in the name of this Trust a deposit received from the United States in settlement of the Federal Tort Claims Act lawsuit captioned above.

## ARTICLE 2
### Transfer of Property

A. Transfer of Property. The Trust shall consist of property transferred to WELLS FARGO, N.A. as Trustee of the Nicholas Christoforo Reversionary Supplemental Needs Trust, pursuant to the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act claims. The property shall be delivered partially in a lump sum and partially in installment annuity contracts (structured settlement payments to the Trustee), in trust for the benefit of the Beneficiary. All such property, together with any income or other accruals on the Trust corpus, shall constitute the Trust estate and must be held, administered and distributed by the Trustee as provided in this Agreement. The Trustee shall hold the property in trust for the purposes and on the conditions set forth in this Trust. At no time shall such property become available to NICHOLAS or be placed in his possession, except as otherwise provided herein.

B. Reversionary Interest. No other property may be added to this Trust. Although periodic payments made from the installment annuity contracts shall be paid to the Trustee and considered as trust assets, the annuity contracts shall be owned by the United States and shall not be considered to be Trust property or part of the Trust estate for any purpose. The United States shall have a remainder interest in the Trust estate and any accumulated income, secondary only to claims of any applicable state Medicaid agency as provided in Article 6 below.

## ARTICLE 3
### Restraint on Alienation

No right, title, interest or equity in any of the trust estate or the income or increase thereof shall vest in NICHOLAS until actual payment to him by the Trustee, and no part of either principal, interest, or increase shall be liable for the debts, present or future, of NICHOLAS or shall be subject to the right on the part of any of his creditors to seize or reach the same under any writ or by any proceeding at law or in equity. NICHOLAS shall not have any power to give, grant, sell, convey, mortgage, pledge , or otherwise dispose of, encumber, assign or anticipate the principal, income or increase of said trust estate.

## ARTICLE 4
### Irrevocability

The trust shall be irrevocable. NICHOLAS shall have no right or power to alter, amend, revoke or terminate the trust, or any of its terms, or to designate the persons who shall possess or

2

enjoy the trust property or the income therefrom. NICHOLAS, through his guardian ad litem, hereby relinquishes absolutely and forever all possession and control of the Trust estate.

## ARTICLE 5
### Distributions of Principal and Income

A.  Distributions for Sole Benefit of Nicholas.  The Trustee shall hold, administer and distribute the Trust estate for the sole benefit of NICHOLAS.

B.  Discretionary Nature of Trust.  This is a purely discretionary, non-support, spendthrift Trust.  Subject to the strict limitations and conditions provided below, the Trustee may pay to or apply for the benefit of NICHOLAS during his lifetime such amounts from the principal or income, or both, for his supplemental needs as defined below.  The Trustee shall have the absolute and sole discretion to determine the amount and nature of any disbursements for the benefit of NICHOLAS, after taking into consideration, to the extent the Trustee considers advisable, the value of the trust assets, the relative supplemental needs, both present and future for NICHOLAS, and the limitations set out in this instrument.  Consistent with the limitations contained in this Trust, the Trustee shall exercise discretion to make disbursements from the Trust estate that will enhance the quality of NICHOLAS' life and allow him to live as independently as possible as an adult.

C.  Supplemental Needs.  As used in this Trust, "supplemental needs" refers to discretionary, supplemental, non-support disbursements to provide for NICHOLAS' needs related to his disabilities that resulted, either directly or indirectly, from his contracting meningitis in 2001, and that are not met by other government, private insurance, or charitable benefits that NICHOLAS is receiving, or in the future will receive, for his disabilities.  Government benefits shall include, but are not limited to, military dependent benefits, Supplemental Security Income (SSI), Medicaid, Vocational Rehabilitation, and federal, state and local special education programs and services.  If NICHOLAS is receiving government, private insurance, or charitable benefits, the Trustee may supplement but not replace those benefits.  In exercising discretion as Trustee, the following expenditures shall be considered appropriate, but not exclusive or mandatory, secondary non-support disbursements from the Trust estate, provided the disbursements are related to NICHOLAS's disabilities that resulted either directly or indirectly, from contracting meningitis:

1.     Physical, speech and occupational therapy;

2.     Durable medical equipment and assistive devices;

3.     Medical and dental care, treatment, and procedures;

4.     Nursing care, assisted living or group home care, respite care, personal attendant care;

5.     Modifications to the home where NICHOLAS resides, to enable him to live safely and comfortably in the home, taking into account his disabilities;

3

6.      Special education or training, including tutoring or a school aid, and educational equipment, devices and supplies for such programs;

7.      Medically related travel, including attendants;

8.      Advocates and/or case manager to assist NICHOLAS' parents in accessing health and education benefits for which he is eligible and to prepare, revise and review an appropriate care plan for NICHOLAS.

9.      Professional services for NICHOLAS, including legal advocacy, guardianship expenses, and income and other tax liabilities. In selecting an attorney or law firm, the Trustee shall avoid any actual or potential conflicts of interest.

D.   Preserving Eligibility for Government Benefits.  Subject only to the purposes and restrictions stated in this Trust, the Trustee shall have absolute discretion to withhold or disburse the principal and income of the Trust.  The Trustee shall not take any action which will cause the principal or income of the trust to be considered available to NICHOLAS either directly or indirectly. Before making any distributions, the Trustee shall take into consideration applicable asset and income limitations of any benefit program for which NICHOLAS is receiving or intending to apply for benefits. The Trustee may supplement the government, private insurance, and charitable benefits NICHOLAS is receiving but shall not replace those benefits.   Under no circumstances shall NICHOLAS have the right to compel distributions from the Trust or to obligate the trust assets either directly or indirectly.  Any attempt by NICHOLAS to do so shall be null and void.  Distributions shall not be made for food, clothing or shelter for NICHOLAS unless the need for these items is related, either directly or indirectly, to his meningitis.

E.   Allocation between Principal and Income.  The Trustee is authorized to distribute so much of the net income and principal of the Trust estate, up to the whole thereof, as the Trustee determines is required to achieve the purpose of this Trust. Any income not distributed in a calendar year shall be accumulated and added to principal at or prior to the end of such year.

### ARTICLE 6
### Termination of Trust

A.  Termination of Trust.  The Trust shall terminate at the earlier of the following:

1.  The distribution of all principal and income;

2.  The death of NICHOLAS and the distribution of the corpus as directed herein.

B.      Medicaid Reimbursement.  Upon the death of NICHOLAS, the end of NICHOLAS' disability, or the termination of the trust, whichever comes first, and before distribution to any residual beneficiary of this Trust, any remaining Trust property shall first be used to defray

4

the costs to any applicable state Medicaid agency of Title XIX Medical Assistance benefits, or other similar benefits, paid on behalf of NICHOLAS, as required by 42 U.S.C. § 1396p(d)(4)(A) as amended or any other applicable provision of federal or state law. The only expenses or deductions that shall have priority over the repayment obligation under this paragraph are those authorized or allowed by the state Medicaid agency or the Centers for Medicare and Medicaid Services.

C. Administration upon Termination of Trust. In the event of the death of NICHOLAS, and subject to paragraph B. above, the trustee shall pay for the following expenditures:

1. Goods or services authorized by the Trustee but for which payment has not yet been made;

2. Income or other taxes owing to the United States Treasury by the trust;

3. Funeral and burial expenses for NICHOLAS; and

4. Court approved fees, costs, and expenses of the Trustee incurred in closing the Trust estate.

D. Distribution to Residual Balance. If this Trust terminates upon the death of NICHOLAS, any Trust assets that are remaining after distribution of the sums set forth in Sections B. and C. above shall be made payable to the United States Treasury and delivered to the Torts Branch, (FTCA Staff), United States Department of Justice, PO Box 888, Benjamin Franklin Station, Washington, D.C., 20044, or to any other address provided by the Torts Branch.

## ARTICLE 7
## United States of America as Notice Party

The United States of America has a vested remainder beneficiary of this Trust is a "Party" as defined in RCW 11.96A.030(4). As an interested party in this Trust, the United States shall have all rights arising from such status, including but not limited to, the right to initiate or participate in proceedings relating to the administration and distribution of the Trust, declarations of rights and determinations of other matters involving the Trustee and beneficiaries under the Trust, to petition for the review of employment of agents and review of compensation of the Trustee and employees of the Trust, and to intervene in actions brought against the Trust or Trustee. The United States shall have the right to receive periodic accountings prepared by the Trustee pursuant to court order and shall receive timely notice of all hearings for court review of the Trustee's accountings. The United States shall have the right to raise objections with the court as to payments by the Trustee if considered unnecessary, unreasonable, or contrary to the terms of this Trust. The United States may seek judicial review of any such payment in any court of competent jurisdiction having supervision over the trust under Article 10 C. below in the event the United States is unable to resolve its objection through informal discussions with the Trustee and the Beneficiary's representative. Because the United States is not an actual party to this Trust and because of the laws of the United States, the United States is not hereby consenting to the jurisdiction of any state court or state court

5

proceeding. The United States shall provide to the Trustee its designated notice party, including address and phone number, and any changes thereto. Unless hereafter otherwise designated, the notice party for the United States is Torts Branch, (FTCA Staff), United States Department of Justice, PO Box 888, Benjamin Franklin Station, Washington, D.C., 20044 (Phone No. 202-616-4250).

## ARTICLE 8
### Trustee

A. Initial Trustee. The initial Trustee appointed by the Court is Wells Fargo, N.A.

B. Resignation of Trustee. A Trustee may resign at any time by giving written notice to NICHOLAS' parents JESSICA and JAMES CHRISTOFORO, to the United States of America's designated notice party, and to NICHOLAS' court appointed guardian after his eighteenth birthday. The Trustee shall apply to the Court for leave to resign, for appointment of a successor Trustee and for review and approval of the final accounting.

C. Appointment of Successor Trustee. If the acting Trustee is unable or unwilling to serve as Trustee then the Court shall appoint a Successor Trustee. Written notice of the resignation, replacement or intent to remove a Trustee shall be provided thirty days in advance to NICHOLAS' parents JESSICA and JAMES CHRISTOFORO, to the United States of America's designated notice party, and to NICHOLAS' court appointed guardian after his eighteenth birthday, and to the Trustee. The Beneficiary cannot serve as Trustee or appoint a successor Trustee.

D. Removal of Trustee. Any interested party may petition the Court having jurisdiction over this Trust to seek the removal of a trustee for good cause shown.

## ARTICLE 9
### Administrative Provisions

In the Trustee's administration of this trust, the following provisions shall apply:

A. Accounting. The Trustee shall submit an annual accounting to the court retaining jurisdiction over this Trust for review and approval. The accounting shall include a summary of all transactions, assets, fees and investment activity during the prior accounting year. A copy of the annual accounting and notice of any hearing to review the accounting shall be mailed to NICHOLAS' parents JESSICA and JAMES CHRISTOFORO, to the United States of America's designated notice party, and to NICHOLAS' court appointed guardian after his eighteenth birthday.

B. Accounting of Prior Trustee. A Successor Trustee may accept a predecessor's accounting without independent review or audit upon the assumption of duties and shall not be liable for any loss sustained during or attributable to the period in which a predecessor served as Trustee.

6

C.  Powers of Trustee.  WELLS FARGO, N.A., or any successor Trustee shall have responsibility for financial management of the trust estate.  Except as otherwise provided herein, the Trustee shall have all rights, powers and duties given by law, including those set forth in the Washington Trust Act, which Act is incorporated herein by this reference, provided that the Trustee shall obtain court approval for his fees and expenses charged to the trust estate.  In addition, the Trustee shall have full power and authority:

1.  Power to Retain, Sell, Exchange or Repair:  To hold any property that the Trustee receives or acquires under the trust, for as long as the Trustee deems it advisable; to manage, control, sell, lease, convey, exchange, improve or repair trust property, as the Trustee deems it advisable.

2.  Determination of Principal and Income:  To determine what is principal or income and what charges are allocable to either, which authority shall specifically include the right to accumulate income and to make any adjustments between principal and income for premiums, discounts, depreciation or depletion; in making such determination the Trustee may, but shall not be required to, apply the Washington Principal and Income Act.

3.  Contractual Services:  To employ agents, depositories, investment advisors, bookkeepers, attorneys, clinical specialists, case managers, care coordinator, or other persons as in the Trustee's judgment are reasonably necessary for the management and protection of the trust, to provide supportive services to the Beneficiary or for the maintenance of proper accounts or records of the trust.  Compensation for such services shall be charged against the principal or income of the trust, or both, in such proportions as the Trustee shall determine to be proper.

4.  Investment Powers:  To invest and reinvest the trust assets as the Trustee shall determine to be prudent under circumstances then prevailing but without being limited in the character of investments by any statutory or other governmental limitation on the investment of trust funds.  Provided such actions are determined to be appropriate by the Trustee acting as a fiduciary, the Trustee may execute all documents necessary to open and maintain brokerage and other financial accounts.

5.  Payment of Taxes:  To make estimated tax payments or pay other tax liabilities for NICHOLAS from the trust.  The Trustee is relieved from liability for loss of income resulting from overpayments or penalties for underpayment of such estimated tax.

6.  Power to Insure:  To purchase at Trust expense, insurance of such kinds and in such amounts as the Trustee deems advisable to protect the Trust estate and the Trustee against any hazard and to exercise all rights of ownership and control contained in the policies.

7.  Power to Litigate and Compromise Claims:  To commence or defend such litigation with respect to the trust or any property of the trust estate as the Trustee may deem advisable, at the expense of the trust and to compromise or otherwise adjust any claims or litigation against or in favor of the trust.

7

8. Compensation to Trustee: To receive compensation for services as Trustee, in accordance with the Trustee's schedule of fees, applying to trust accounts of this kind at the time such services are rendered. The Trustee shall provide NICHOLAS' parents JESSICA and JAMES CHRISTOFORO, the United States of America's designated notice party and NICHOLAS' court appointed guardian after his eighteenth birthday with a copy of its fee schedule and any changes thereto. At each accounting review the court shall review and approve all fees paid to any professional Trustee.

9. Power to Amend. This Trust is irrevocable as to Nicholas and he shall have no power to amend, alter, or modify the terms of this trust. The Trustee shall have the power to amend this Trust, subject to prior written approve from the United States Department of Justice Torts Branch and subject to court approval, if an amendment is necessary to preserve NICHOLAS' eligibility for government benefits.

D. Administration upon Death. The Trustee shall be the sole administrator of the Trust property at the death of NICHOLAS.

E. Compliance with Court Orders. In addition to complying with the terms of this Trust, the Trustee shall be subject to and comply with all court orders entered by the Court having jurisdiction over this Trust, regarding the administration of the Trust.

## ARTICLE 10
### Miscellaneous

A. Law Governing Trust. The situs of this Trust shall be in Washington State and all questions pertaining to the administration of this Trust or the construction or validity of this Trust shall be governed by the laws of the State of Washington.

B. Gender and Number. Unless some other meaning and intent is apparent from the context, the plural shall include the singular and vice versa. Masculine, feminine, and neuter words shall be used interchangeably.

C. Court Supervision. The Federal District Court for the Western District of Washington, Tacoma Division, shall have initial jurisdiction over and supervise this Trust unless the Court enters an order transferring jurisdiction to the Superior Court for the State of Washington or to another Federal District Court if the Beneficiary moves in the future. Chapter 11, Revised Code of Washington, shall apply to the administration of this Trust.

8

SIGNED and EXECUTED by Kathleen Wareham, the court appointed Guardian ad Litem for NICHOLAS CHRISTOFORO on the _____ day of _____, 2006

Guardian ad Litem for Nicholas Christoforo:

_____

Kathleen Wareham


State of Washington           )
                              ) ss.
County of King                )

On _____ 2006, Kathleen Wareham, Guardian ad Litem for Nicholas Christoforo, personally appeared before me and acknowledged that she signed this document pursuant to court authorization, to be her free and voluntary act.

_____

NOTARY PUBLIC, in and for
the State of Washington,
residing at Seattle

My commission expires: 4/15/2006

> Notary Public
> State of Washington
> DAN PENHOLLOW
> My Appointment Expires Apr 15, 2006

9

Exhibit A Page 14

SIGNED and EXECUTED by Susan Mesenbrink, a Trust Officer of Wells Fargo, N.A., Trustee, on the 24th day of January, 2006.

Trustee:  Wells Fargo, N.A.

By:  Susan Mesenbrink

State of Washington        )
                           )  ss.
County of King             )


On Jan. 24_____, 2006, Susan Mesenbrink, a trust officer of Wells Fargo, N.A., personally appeared before me and acknowledged that she signed this document pursuant to court authorization, to be her free and voluntary act. in her capacity as Trustee of the Nicholas Christoforo Reversionary Special Needs Trust.


NOTARY PUBLIC, in and for
the State of Washington,
residing at  Seattle, WA

My commission expires: 01 0/19/2008

10